**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                 Case No. 08-10194

JOHN A. POWE,

       Defendant,

and

INFINITY MORTGAGE CORPORATION,

       Garnishee.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR
HEARING ON WRIT OF GARNISHMENT[1]**

On January 13, 2008, the government filed a complaint seeking to recover from

Defendant John A. Powe a student debt owed to the United States.  After Defendant

failed to file any answer to the complaint, the Clerk of the Court entered a Judgment by

Default on March 7, 2008 in the amount of $7,305.26.  (Dkt. # 6, Pg. ID 17.)  As of

September 9, 2014, the government had collected $5,285.21 of the judgment, most of

which came from garnishment of Defendant's wages and income tax refunds.  (Dkt. #

41-2, Pg. ID 177.)  Defendant's outstanding liability was $2,582.66 on September 9,

2014.  (*Id.*)  The Clerk of the Court issued a writ of continuing garnishment to Garnishee

JP Morgan Chase Bank, NA ("Chase Bank") on August 21, 2014.  (Dkt. # 37, Pg. ID

_____

[1]The court construes Defendant's request both as a request for a hearing and as a
request for entry of an order permitting the judgment to be paid in installments.

153.)  The writ was served on August 26, 2014 (Dkt. # 35, Pg. ID 147), and Chase Bank filed an answer indicating that Defendant maintains a checking account with Chase Bank.  (Dkt. # 36, Pg. ID 151.)  As of September 8, 2014, the balance of the checking account was $2,329.59. (Dkt. # 38, Pg. ID 159.)

Now before the court is Defendant's request for a hearing on the writ of garnishment.  (Dkt. # 40, 164.)  In his request, Plaintiff claims that (1) his "debt has been satisfied," (2) he is "not in a position to pay [the debt] all in one lump sum," and (3) he "continue[s] to be willing to work out something to settle this."  (*Id.*)  The request will be denied for the following reasons.

First, there is nothing on the record supporting Defendant's claim that the debt has been satisfied.  Defendant suggests that he paid the debt in 2000 but has not presented any documentation or other proof to support this assertion.  (*Id.*)

Second, the court interprets the statement that he is not in a position to pay the debt in a lump sum as a request for an order permitting installment payments.  Under Federal Rule of Civil Procedure 69(a)(1), "a district court . . . consult[s] the practice and procedure of the state in which it sits for enforcement of a money judgment." *MoneyForLawsuits V LP v. Rowe*, No. 10-11537, 2013 WL 461477, at *1 (E.D. Mich. Feb. 7, 2013); *see* Fed. R. Civ. P. 69(a)(1) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.").  Michigan Court Rule 3.104(a) provides that "[a] party against whom a money judgment has been entered may move for entry of an order permitting

2

the judgment to be paid," and Michigan Compiled Laws § 600.6205(3) states that "[t]he petition of the defendant shall be supported by the affidavit of the moving party setting forth his inability to pay the judgment with funds other than those earned by him as wages." Here, Defendant has not provided the court with an affidavit setting forth his inability to pay or any other evidence warranting an order permitting installment payments. Therefore, Defendant's request for entry of an order permitting the judgment to be paid in installments will be denied. *See Ins. Co. of N. Am. V. Synamic Const. Co.*, 48 F.3d 1219 (6th Cir. Jan. 9, 1995) (unpublished table disposition) ("The granting of permission to pay in installments is discretionary with the judge.").

Third, Defendant remains free to contact the attorney representing the United States to attempt to work out an alternate payment plan, but such negotiations are not the business of the court. Accordingly,

IT IS ORDERED that Defendant's Request for Hearing on Writ of Garnishment (Dkt. # 40), which is interpreted as a request for a hearing on the writ of garnishment and as a request for entry of an order permitting the judgment to be paid in installments, is DENIED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 14, 2014

I hereby certify that a copy of the foregoing document was mailed to John Powe, counsel of record on this date, November 14, 2014, by electronic and/or ordinary mail.

 S/Karri Sandusky
Case Manager and Deputy Clerk
(313) 234-5522

3